## CARRINGTON v. HOLBROOK, CABOT & ROLLINS.

(Supreme Court, Appellate Term, First Department.   February 23, 1916.)

1. TRIAL ⬥⟿252—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

   In an action by a servant, injured in assisting to place on a track an electric motor which had become derailed, where there was nothing to show that the starting of the motor would have served any useful purpose if it was not on the track, and the servant claimed that his injury was the result of the foreman's negligence in ordering the starting of the motor without warning, an instruction that, if there was a sudden starting of the motor to help it back on the track, and the order was given without warning, defendant was liable, is erroneous, being inapplicable to the evidence.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ⬥⟿252.]

2. APPEAL AND ERROR ⬥⟿1066—REVIEW—HARMLESS ERROR.

   In such case, where the giving of the order was denied, the instruction was prejudicial, because furnishing a basis for an inference by the jury that the order was reasonable.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ⬥⟿1066.]

Appeal from City Court of New York, Trial Term.

Action by William Carrington against Holbrook, Cabot & Rollins, a corporation.   From a judgment for plaintiff, and order denying new trial, defendant appeals.   Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Benjamin Patterson, of New York City, for appellant.

Max Greenwald, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment under the Labor Law for the sum of $1,000 for personal injuries which he claims he suffered through the negligence of defendant's superintendent or foreman.   It appears that the plaintiff was employed by the defendant as a driller in a tunnel.   A track ran through this tunnel, upon which the defendant operated an electric motor.   On the day of the accident the electric motor in some way ran off the track.   The foreman directed the workmen, including the plaintiff, to replace the motor. A number of the workmen were directed to pry up the motor with a long rail on one side of the track.   The plaintiff was standing on the other side of the track.   He was apparently not directed to lift up the motor, but was directed to pry upon another long rail in the front of the motor, to hold in place some blocks which had been placed under the front wheel.   He and his witnesses claim that while this work was going on the foreman told the motorman sitting in the motor to "go ahead"; that no warning of this order was given to the plaintiff; that the motorman immediately started the motor, and there threw the plaintiff.   The defendant's witnesses deny that the motorman was on the motor or that the foreman told him to go ahead.   Their

testimony is that the workmen who were prying up the motor dropped their rail, and the plaintiff was hit by the rail.

[1] It is to be noted that there is no evidence from which the jury can infer that an order to the motorman to start the motor would have served any useful purpose, if it was not on the track at that time. Nevertheless the trial justice charged:

"Do you believe under all the evidence that there was a sudden starting of this motor under orders from the foreman, 'in order to help get this motor back on the track,' and that this order was given without warning to the men who were engaged in lifting this motor with rails."

The attorney for the defendant duly excepted to the statement contained in the charge, "in order to help get the motor back on the track." There is no evidence to justify any inference that if such an order was given it was given for such a purpose, and this part of the charge was therefore erroneous.

[2] The plaintiff claims that this error was immaterial, since the defendant would be liable if the foreman gave the order without warning the workmen, regardless of his purpose in giving such an order. The case, however, involves an issue of fact as to whether the foreman did give such an order. The testimony on this issue is conflicting, and the jury was bound to consider the probabilities of the conflicting versions. The testimony adduced by the plaintiff would certainly gain in probability if the jury could fairly find that the surrounding circumstances show some reason for giving the order to go ahead, while the motor was chocked up in the front and still off the track, and the suggestion of such a reason by the learned trial justice, without evidence to support the suggestion, was therefore prejudicial.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.